JOURNAL ENTRY AND OPINION
Defendant-appellant Robert E. Thurman (appellant) appeals the maximum sentence of ten years imprisonment imposed upon him by the Cuyahoga County Court of Common Pleas upon his entry of his plea of guilt to involuntary manslaughter in violation of R.C.2903.04. Appellant urges reversal of his conviction and claims that the sentence as imposed is contrary to law because the trial court's finding that he committed the worst form of the offense is not supported by the evidence. We find no reversible error in sentencing and affirm.
The record demonstrates that on March 11, 1999, appellant was indicted by the Cuyahoga County Grand Jury with murder in violation of R.C. 2903.02 with a three-year firearm specification and a violation of R.C. 2923.13, for having a weapon while under a disability. At his arraignment, appellant entered a plea of not guilty to the charges against him and jury trial commenced on May 3, 1999. On May 5, 1999, during the course of trial, pursuant to an agreed arrangement with the State of Ohio, appellant withdrew his formerly entered plea of not guilty and entered a plea of guilt to amended indictment which charged in count one involuntary manslaughter in violation of R.C. 2903.04, a felony of the first degree and to the three-year firearm specification. R.C. 2903.04 states No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony. The underlying felony in this case as put forth by the State was felonious assault in violation of R.C. 2903.11 which in essence states that no person shall cause or attempt to cause physical harm to another by means of a deadly weapon. Upon recommendation of the State, the court entered a nolle prosequi on count two of the indictment. The court accepted appellant's pleas, proceeded to sentencing and imposed a three-year term of imprisonment at Lorain Correctional Institution on the gun specification (R.C. 2941.145) to be served prior to and consecutive with a ten-year term of imprisonment on the crime of involuntary manslaughter. Appellant indicated his intent to appeal the maximum sentence as imposed and was advised of his appeal rights by the court. Appellate counsel was assigned and this appeal follows in which appellant advances a single assignment of error.
 ROBERT THURMAN HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE MAXIMUM SENTENCE IMPOSED UPON HIM, AS THE TRIAL COURT'S FINDING THAT HE COMMITTED THE WORST FORM OF THE OFFENSE OF VOLUNTARY MANSLAUGHTER WAS NOT SUPPORTED BY THE EVIDENCE.
In this appeal, appellant contends that the evidence fails to support the reasons as given by the court in support of its conclusion that this crime constituted the worst form of involuntary manslaughter. Specifically, appellant contends that the trial court based its finding on facts which were not in evidence.
R.C. 2929.14(C) states that a "court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes * * *."
In this case, it is undisputed that the trial court made a requisite statutory finding that appellant had committed the worst form of the offense upon imposition of the maximum sentence.
R.C. 2929.19(B)(2)(d) requires a court make a finding that gives its reasons for selecting the sentence imposed when it imposes a prison term for a felony of the fourth degree or, as in this case, imposes a maximum prison term for one offense.
In determining whether an offender has committed the worst form of the offense, the court correctly will consider the totality of the circumstances. State v. Garrard (1997)124 Ohio App.3d 718, 722.
In this case, to support its conclusion that appellant committed the worst form of involuntary manslaughter by which appellant caused the death of his girlfriend as a proximate result of his committing or attempting to commit the felony of felonious assault, the court reasoned that appellant, who had an extensive record and who wanted to get rid of his girlfriend of two years, although he was under a legal disability to have a gun and while he was in no danger, went to the bedroom he shared with the victim, placed the gun against her neck, and shot her point blank while a four-year-old child was present. Appellant's son and daughter-in-law were entertaining their friends and playing cards in an adjacent room. The evidence presented demonstrated that appellant knew what he had done but delayed in communication of what he had done for fifteen or twenty minutes which exacerbated the situation.
Appellant contends that the court erred when it indicated that the offense was committed in front of the victim's four-year-old child and therefore this reason may not be used to support its finding. However, the record is clear that the court understood the victim was in the room assisting a four-year-old child play a video game and the child witnessed the shooting. Thus, we do not find the trial court's error in its identification of the child involved to significantly diminish the seriousness of the crime.
Further, appellant complains that the trial court improperly indicated that appellant played cards while the victim bled to death. However, the evidence is clear that appellant came out to the room where the card game was being held but failed to call for assistance for about twenty minutes during which time the victim was, in fact, bleeding to death. Therefore, we conclude that the trial court properly made its finding that the offense was the worst form of the offense and that finding was sufficiently supported by the evidence in this case.
Accordingly, we find that the trial court made the proper findings under R.C. 2929.14(C) to impose the maximum authorized sentence on appellant and properly explained its findings as required by R.C. 2929.19(B)(2)(d). Appellant's sole assignment of error is without merit.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 ________________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
JOHN T. PATTON, J. and JAMES D. SWEENEY, J., CONCUR.